IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LINDSAY,

    Plaintiff,                    No. 2:10-cv-02842 LKK KJN PS

    v.

YOLANDA FRYSON, individually and in official capacity as Social Worker; YUBA COUNTY CHILD PROTECTIVE SERVICES,

    Defendant.               ORDER and ORDER TO SHOW CAUSE

_____/

        Plaintiff, who is proceeding without counsel, filed his complaint in this action on October 21, 2010.[1] (Dkt. No. 1.) Defendant Yolanda Fryson has filed an answer to plaintiff's complaint (Dkt. No. 5), and plaintiff has filed a proof of service reflecting personal service on an agent for defendant Yuba County Child Protective Services (Dkt. No. 8). Yuba County Child Protective Services ("Yuba CPS") has not yet filed a response to the complaint and has not yet appeared in the case.

        As previously scheduled and noticed, the undersigned conducted a Status (Pretrial

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Scheduling) Conference ("Scheduling Conference") in this case on March 17, 2011, at 10:00 a.m., in Courtroom 25.  (See Order Setting Status Conf. ¶ 5, Dkt. No. 3.)  In violation of the court's Order Setting Status Conference, the parties failed to file a joint status report, and none of the parties filed an individual status report.  (See Order Setting Status Conf. ¶ 6 (stating that "[n]ot later than seven days prior to the Status Conference, the parties shall file status reports" (footnote omitted).)

On March 17, 2011, the undersigned called this matter during the civil law and motion calendar.  Although plaintiff was present and appeared, no appearance was entered on behalf of the defendants.  Ms. Fryson's failure to appear is unexplained and in violation of the court's Order Setting Status Conference.[2]

In regards to Yuba CPS, that defendant has not yet appeared in this action.  At the Status Conference, plaintiff explained that although he believes he properly served Yuba CPS and that initially an agent for Yuba CPS represented to plaintiff that the agent could accept service of process on behalf of Yuba CPS at the address where service was made,[3] Yuba CPS later contacted plaintiff and stated that Yuba CPS could not accept service at that address.  Plaintiff expressed at the Status Conference that he felt as if he was "getting the run around."  However, Yuba CPS apparently provided plaintiff with an alternate address where an agent could accept service on its behalf.  Plaintiff indicated that he would attempt service at this alternate address.  The undersigned informed plaintiff at the Status Conference that if plaintiff believed he had properly effectuated service on Yuba CPS, plaintiff could request the entry of default pursuant to Federal Rule of Civil Procedure 55(a).  Again, however, plaintiff indicated that he would serve Yuba CPS at the alternate address.

---

[2] In regards to the Status Conference, the court's Order Setting Status Conference provides: "All parties shall appear by counsel or in person if acting without counsel."  (Order Setting Status Conf. ¶ 5.)

[3] Plaintiff represented that an agent of Yuba CPS expressed that Yuba CPS was "expecting" service of the complaint.

In light of the parties' failure to file status reports, the service and potential default issues related to Yuba CPS, and Ms. Fryson's failure to file a status report and appear at the Status Conference, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, plaintiff shall effectuate service on defendant Yuba County Child Protective Services or file a request for entry of default as to that defendant.

2. A further Status (Pretrial Scheduling) Conference is set before the undersigned on Thursday, May 19, 2011, at 10:00 a.m., in Courtroom 25. *No later than seven days prior to that Status (Pretrial Scheduling) Conference*, the parties shall file a joint status report that complies with the court's Order Setting Status Conference. If the parties are unable to prepare and file a joint status report, the parties shall file separate status reports that comply with the court's Order Setting Status Conference and explain why a joint status report could not be prepared.

3. Defendant Yolanda Fryson shall show cause in writing, *on or before April 1, 2011*, why she failed to: (1) file a status report in advance of the Status (Pretrial Scheduling) Conference conducted on March 17, 2011; and (2) appear at the Status (Pretrial Scheduling) Conference conducted on March 17, 2011. Ms. Fryson is advised that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

1 same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of
2 L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to
3 control their dockets.  In the exercise of that power they may impose sanctions including, where
4 appropriate, default or dismissal.").

5        IT IS SO ORDERED.

6 DATED: March 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE