IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LINDSAY,

    Plaintiff,   No. 2:10-cv-02842 LKK KJN PS

    v.

YOLANDA FRYSON, individually and in official capacity as Social Worker; YUBA COUNTY CHILD PROTECTIVE SERVICES,

    Defendants.   <u>ORDER</u>

_____/

        On March 17, 2011, the undersigned conducted a Status (Pretrial Scheduling) Conference in this case, and defendant Yolanda Fryson failed to appear. (<u>See</u> Minutes, Mar. 17, 2011, Dkt. No. 9; Order & Order to Show Cause, Mar. 18, 2011 ("Order & OSC"), Dkt. No. 10.) Accordingly, on March 18, 2011, the undersigned entered an order requiring, among other things, that Ms. Fryson "show cause in writing, on or before April 1, 2011, why she failed to: (1) file a status report in advance of the Status (Pretrial Scheduling) Conference conducted on March 17, 2011; and (2) appear at the Status (Pretrial Scheduling) Conference conducted on March 17, 2011." (Order & OSC at 3 (emphasis omitted).) That order also set a subsequent pretrial scheduling conference for May 19, 2011, and required that the parties file status reports at least

seven days prior to the scheduling conference.  (Id.)

On April 1, 2011, Ms. Fryson filed a response to the order to show cause. (Response, Dkt. No. 11.)  Ms. Fryson's response represents that Ms. Fryson "was unable to attend the Pre-Trial court date of March 17, 2011 because [she is] serving a 9 year 4 month sentence."  Ms. Fryson's response also requests that the court "continue this case until [she is] able to attend the Hearing on this matter."

Although Ms. Fryson's response does not address why she failed to file a status report in advance of the March 17, 2011 scheduling conference, the undersigned discharges the order to show cause.  However, the undersigned denies Ms. Fryson's request to continue this action until Ms. Fryson can appear in court, especially given Ms. Fryson's representation that she is serving close to ten years in prison.  Insofar as the May 19, 2011 Status (Pretrial Scheduling) Conference is concerned, Ms. Fryson's physical attendance is not essential to that conference. That conference addresses the scheduling of dates in this case, and Ms. Fryson can—and must—provide her input regarding dates through a status report filed with the court in advance of the scheduling conference.

Finally, Ms. Fryson is reminded of her obligation to keep the court apprised of her current address.  See E. Dist. Local Rule 182(f).[1]  Ms. Fryson's response to the order to show cause states that the court can direct correspondence to either of two addresses, one of which is the address currently on file with the court.  The court will continue to send correspondence to the address on file absent Ms. Fryson's filing of a notice of change of address.

////

---

[1] Local Rule 182(f) provides:

**(f) Change of Address.**  Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause entered on March 18, 2011 (Dkt. No. 10), is discharged as to defendant Yolanda Fryson. The remainder of that order remains in effect.

2. Ms. Fryson's request for an open-ended continuance of this action is denied.

IT IS SO ORDERED.

DATED: April 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE