IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LINDSAY,

    Plaintiff,                                No. CIV-S-10-2842-LKK-KJN-PS

    vs.

YOLANDA FRYSON, et al.,

    Defendants.                              ORDER

/

On June 15, 2011, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Defendant Yuba County Child Protective Services, referred to herein as the County of Yuba, filed timely objections to a portion of the findings and recommendations that have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Bus. Mach., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

1

The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Proposed Findings and Recommendations in full.

Accordingly, IT IS ORDERED that:

1. The Proposed Findings and Recommendations filed June 15, 2011, are ADOPTED;

2. Defendant County of Yuba's motion to dismiss (Dkt. No. 13) is granted in part and denied in part. Specifically, it is ordered that:

   a. Plaintiff's first claim for relief, alleging a violation of plaintiff's due process rights pursuant to 42 U.S.C. § 1983, is dismissed with prejudice to the extent it alleges a violation of plaintiff's Fourth Amendment and Fifth Amendment due process rights, but is dismissed without prejudice to the extent it alleges a violation of plaintiff's Fourteenth Amendment due process rights.

   b. Plaintiff's second claim for relief, alleging a violation of plaintiff's equal protection rights pursuant to 42 U.S.C. § 1983, is dismissed without prejudice.

   c. Plaintiff's third claim for relief, alleging a claim for negligent supervision, hiring, and retention, is dismissed without prejudice.

   d. Plaintiff's fourth claim for relief, alleging a claim of fraud, is dismissed without prejudice to the extent that it is a claim for direct liability against the County of Yuba. However, this fraud claim may proceed as pled to the extent it asserts a claim premised on a respondeat superior theory of vicarious liability.

   e. Plaintiff's sixth claim for relief, alleging a claim of negligent inflection of emotional distress, is dismissed without prejudice to the extent that it is a claim for direct liability against the County of Yuba. However, this claim may proceed as pled to the extent it asserts a claim premised on a respondeat superior theory of vicarious liability.

   f. Plaintiff's seventh claim for relief, alleging a violation of California Civil Code

§ 52.1, is dismissed with prejudice.

   3.  Defendant County of Yuba's motion to strike is denied.

   4.  Plaintiff is granted 30 days from the date of this order to file an amended complaint. The amended complaint (1) must bear the docket assigned to this case, (2) must be complete in itself, and (3) must be entitled "First Amended Complaint." Plaintiff must file an original and one copy of the First Amended Complaint. Failure to timely file a first amended complaint in accordance with this order may result in a recommendation by the magistrate judge that this action be dismissed. Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

DATED:  August 11, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT