1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHRISTOPHER LINDSAY,

11          Plaintiff,                    No. 2:10-cv-02842 LKK KJN PS

12          v.

13    YOLANDA FRYSON, et al.,

14          Defendants.              ORDER TO SHOW CAUSE

15    _____/

16          A review of the court's docket in this case reveals that although plaintiff was

17    required to file his Second Amended Complaint no later than September 12, 2011, plaintiff has

18    not filed a Second Amended Complaint.  (See Order, Aug. 11, 2011 (requiring the filing of a

19    First Amended Complaint within 30 days of the date of that order), Dkt. No. 25; Order, Aug. 15,

20    2011 (disregarding plaintiff's prematurely filed First Amended Complaint and ordering plaintiff

21    to file a Second Amended Complaint consistent with the court's August 11, 2011 order), Dkt.

22    No. 26.)  Accordingly, IT IS HEREBY ORDERED that:

23          1.     Plaintiff shall show cause in writing, on or before October 14, 2011, why

24    he failed to file a timely Second Amended Complaint in this case.

25          2.     On or before October 14, 2011, plaintiff shall also timely file and serve an

26    amended complaint that complies with the requirements of the court's August 11, 2011 order, but

1

which is entitled "Second Amended Complaint."

3.  Plaintiff is cautioned that his failure to file a timely Second Amended Complaint or a response to this Order to Show Cause may result in the imposition of sanctions, *including a recommendation that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).*  Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992);

1   Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)

2   (stating that district courts have inherent power to control their dockets and may impose

3   sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

4           4.     Each defendant shall file and serve a response to plaintiff's Second

5   Amended Complaint within 14 days after the service of the Second Amended Complaint. See

6   Fed. R. Civ. P. 15(a)(3).

7           IT IS SO ORDERED.

8   DATED:  September 28, 2011

9

10  _____

11  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26