1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER LINDSAY,

11              Plaintiffs,                    No.  CIV-S-10-2842-LKK-KJN-PS

12        v.

13   YOLANDA FRYSON, et al.,

14              Defendants.                    ORDER

15   _____/

16        On January 3, 2012, the magistrate judge filed findings and recommendations (Dkt.

17   No. 35) herein which were served on the parties and which contained notice that any objections

18   to the findings and recommendations were to be filed within fourteen days.  On January 17,

19   2012, defendant County of Yuba, which contends it was erroneously sued as Yuba County Child

20   Protective Services, filed objections to a portion of the proposed findings and recommendations

21   (Dkt. No. 36), which have been considered by the court.

22        This court reviews de novo those portions of the proposed findings of fact to which an

23   objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore

24   Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see

25   also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

26   findings of fact to which no objection has been made, the court assumes its correctness and

1

decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and concludes that it is appropriate to adopt the proposed findings and recommendations, except as provided herein.

Accordingly, IT IS ORDERED that:

1. The Proposed Findings and Recommendations filed January 3, 2012, are adopted, except as provided herein.

2. Defendant County of Yuba's motion to dismiss (Dkt. No. 31) is granted in part and denied in part, as follows:

a. Plaintiff's first claim for relief, alleging a violation of Plaintiff's due process rights pursuant to 42 U.S.C. § 1983, is dismissed with prejudice to the extent it alleges a violation of plaintiff's Fourth Amendment and Fifth Amendment due process rights.

Insofar as Plaintiff's first claim for relief alleges a violation of Plaintiff's Fourteenth Amendment due process rights, Plaintiff's claim shall proceed.  Defendants' argument that Plaintiff "is unable to show that any action or inaction by the COUNTY resulted in a custom, practice or policy," fails.

A local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  In order to establish liability for governmental entities under Monell, Plaintiff will ultimately be required to prove: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force

behind the constitutional violation.  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.

2011) (citing Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

In a Monell claim, there are three ways to show a policy or custom of a

municipality: (1) by showing a longstanding practice or custom which constitutes the standard

operating procedure of the local government entity; (2) by showing that the decision-making

official was, as a matter of state law, a final policymaking authority whose edicts or acts may

fairly be said to represent official policy in the area of decision; or (3) by showing that an official

with final policymaking authority either delegated that authority to, or ratified the decision of, a

subordinate.  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008) (internal

quotation marks and citations omitted).

In Plaintiff's second amended complaint, Plaintiff alleges, inter alia, that

"[k]nowing of Fryson's dishonest proclivities, CPS supervisors empowered Fryson with a badge

to prey upon the public and misuse her authority," and that "given the fact that FRYSON was

placed on administrative leave by CPS for misconduct, CPS failed to properly supervise her

while Fryson continued to act as a representative of CPS."  Pl's Second Am. Compl., ECF No.

29, at  5-6.[1]

Taking Plaintiff's factual allegations as true and construing them in the light most

favorable to Plaintiff, it appears clear to the court that Plaintiff is alleging that Defendant Yuba

County had a practice or custom of allowing employees placed on administrative leave to retain

---

[1] The court further notes that Plaintiff makes factual allegations in his opposition to
Defendant's motion to dismiss that provide greater clarity to Plaintiff's Fourteenth Amendment
claim as pled in his Second Amended Complaint.  Specifically, Plaintiff alleges that the "County
was aware of the fact that Ms. Fryson was issued two badges . . . but had only turned in one
badge" and that it was the "County's policy to retain Ms. Fryson as a paid employee during a
criminal investigation regarding a crime of moral turpitude and further negligently allow[] her to
retain a badge," which was "an enabling policy that facilitated Ms. Fryson's criminal conduct"
and "enabled to her continue to abuse her status."  Pl's Opp'n, ECF No. 32, at 7-8.  Because
these factual allegations further explicate Plaintiff's Fourteenth Amendment claim, Plaintiff
should include these allegations in his Third Amended Complaint.

3

1  their badges, and that Defendant Yuba County specifically failed to supervise Fryson while she

2  was acting as a representative of CPS. Thus, Plaintiff's first claim for relief, alleging a violation

3  of Plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983,

4  sufficiently alleges that Defendant Yuba County had a policy for purposes of pleading a <u>Monell</u>

5  claim.

6        b. Plaintiff's second claim for relief, alleging a violation of plaintiff's equal

7  protection rights pursuant to 42 U.S.C. § 1983, is dismissed with prejudice.

8        c. Plaintiff's third claim for relief, alleging a claim of negligent supervision,

9  hiring, and retention, is dismissed without prejudice.  Plaintiff is granted leave to amend his

10  complaint to properly assert such a claim.

11        d. Plaintiff's fourth claim for relief, alleging a claim of fraud, is dismissed without

12  prejudice to the extent that it is a claim for direct liability against the County of Yuba

13  ("County"), and Plaintiff is granted leave to amend his complaint to properly assert such a direct

14  liability claim against the County.  *However,* Plaintiff's fraud claim shall proceed against the

15  County to the extent it asserts a claim premised on a respondeat superior theory of vicarious

16  liability.

17        e. Plaintiff's sixth claim for relief, alleging a claim of negligent infliction of

18  emotional distress, is dismissed without prejudice to the extent that it is a claim for direct

19  liability against the County and Plaintiff has failed to state a statutory basis for such liability.

20  <u>See</u> Cal. Gov't Code § 815(a) ("*Except as otherwise provided by statute . . .* [a] public entity is

21  not liable for an injury, whether such injury arises out of an act or omission of the public entity

22  or a public employee or any other person") (emphasis added); <u>Hoff v. Vacaville</u>, 19 Cal.4th 925,

23  932, 968 P.2d 522, 526 (1998) ("[I]n California, all government tort liability must be based on

24  statute.") (internal quotations omitted).  Plaintiff is granted leave to amend his complaint to

25  properly assert such a direct liability claim against the County.  Furthermore, this claim shall

26  proceed against the County as pled to the extent it asserts a claim premised on a respondeat

4

superior theory of vicarious liability.

       f. Plaintiff's seventh claim for relief, alleging a violation of California Civil Code § 52.1, is again dismissed with prejudice as to the County.

       g. Plaintiff's claim or request for punitive damages is dismissed with prejudice as to the County.

    3.  Plaintiff is granted thirty (30) days from the date of the issuance of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be entitled, "Third Amended Complaint."  Plaintiff must file an original and one copy of the first and second amended complaints.  Failure to timely file a third amended complaint in accordance with this order may result in a recommendation by the magistrate judge that this action be dismissed.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

    DATED: April 11, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT