IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LINDSAY,

        Plaintiffs,                    No.  CIV-S-10-2842-LKK-KJN-PS

       v.

YOLANDA FRYSON, et al.,

        Defendants.                 ORDER

_____/

       On January 3, 2012, the magistrate judge filed findings and recommendations (Dkt. No. 35) herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. On January 17, 2012, defendant County of Yuba, which contends it was erroneously sued as Yuba County Child Protective Services, filed objections to a portion of the proposed findings and recommendations (Dkt. No. 36), which have been considered by the court.

       This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and

1

decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and concludes that it is appropriate to adopt the proposed findings and recommendations, except as provided herein.  Accordingly, IT IS ORDERED that:

1. The Proposed Findings and Recommendations filed January 3, 2012, are adopted, except as provided herein.

2. Defendant County of Yuba's motion to dismiss (Dkt. No. 31) is granted in part and denied in part, as follows:

   a. Plaintiff's first claim for relief, alleging a violation of Plaintiff's due process rights pursuant to 42 U.S.C. § 1983, is dismissed with prejudice to the extent it alleges a violation of plaintiff's Fourth Amendment and Fifth Amendment due process rights.

Insofar as Plaintiff's first claim for relief alleges a violation of Plaintiff's Fourteenth Amendment due process rights, Plaintiff's claim shall proceed.  Defendants' argument that Plaintiff "is unable to show that any action or inaction by the COUNTY resulted in a custom, practice or policy," fails.

A local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to establish liability for governmental entities under Monell, Plaintiff will ultimately be required to prove: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force

behind the constitutional violation.  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

In a Monell claim, there are three ways to show a policy or custom of a municipality: (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008) (internal quotation marks and citations omitted).

In Plaintiff's second amended complaint, Plaintiff alleges, inter alia, that "[k]nowing of Fryson's dishonest proclivities, CPS supervisors empowered Fryson with a badge to prey upon the public and misuse her authority," and that "given the fact that FRYSON was placed on administrative leave by CPS for misconduct, CPS failed to properly supervise her while Fryson continued to act as a representative of CPS."  Pl's Second Am. Compl., ECF No. 29, at 5-6.[1]

Taking Plaintiff's factual allegations as true and construing them in the light most favorable to Plaintiff, it appears clear to the court that Plaintiff is alleging that Defendant Yuba County had a practice or custom of allowing employees placed on administrative leave to retain

---

[1] The court further notes that Plaintiff makes factual allegations in his opposition to Defendant's motion to dismiss that provide greater clarity to Plaintiff's Fourteenth Amendment claim as pled in his Second Amended Complaint.  Specifically, Plaintiff alleges that the "County was aware of the fact that Ms. Fryson was issued two badges . . . but had only turned in one badge" and that it was the "County's policy to retain Ms. Fryson as a paid employee during a criminal investigation regarding a crime of moral turpitude and further negligently allow[] her to retain a badge," which was "an enabling policy that facilitated Ms. Fryson's criminal conduct" and "enabled to her continue to abuse her status."  Pl's Opp'n, ECF No. 32, at 7-8.  Because these factual allegations further explicate Plaintiff's Fourteenth Amendment claim, Plaintiff should include these allegations in his Third Amended Complaint.

1  their badges, and that Defendant Yuba County specifically failed to supervise Fryson while she
2  was acting as a representative of CPS. Thus, Plaintiff's first claim for relief, alleging a violation
3  of Plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983,
4  sufficiently alleges that Defendant Yuba County had a policy for purposes of pleading a Monell
5  claim.

6        b. Plaintiff's second claim for relief, alleging a violation of plaintiff's equal
7  protection rights pursuant to 42 U.S.C. § 1983, is dismissed with prejudice.

8        c. Plaintiff's third claim for relief, alleging a claim of negligent supervision,
9  hiring, and retention, is dismissed without prejudice.  Plaintiff is granted leave to amend his
10 complaint to properly assert such a claim.

11       d. Plaintiff's fourth claim for relief, alleging a claim of fraud, is dismissed without
12 prejudice to the extent that it is a claim for direct liability against the County of Yuba
13 ("County"), and Plaintiff is granted leave to amend his complaint to properly assert such a direct
14 liability claim against the County.  *However,* Plaintiff's fraud claim shall proceed against the
15 County to the extent it asserts a claim premised on a respondeat superior theory of vicarious
16 liability.

17       e. Plaintiff's sixth claim for relief, alleging a claim of negligent infliction of
18 emotional distress, is dismissed without prejudice to the extent that it is a claim for direct
19 liability against the County and Plaintiff has failed to state a statutory basis for such liability.
20 See Cal. Gov't Code § 815(a) ("*Except as otherwise provided by statute . . .* [a] public entity is
21 not liable for an injury, whether such injury arises out of an act or omission of the public entity
22 or a public employee or any other person") (emphasis added); Hoff v. Vacaville, 19 Cal.4th 925,
23 932, 968 P.2d 522, 526 (1998) ("[I]n California, all government tort liability must be based on
24 statute.") (internal quotations omitted).  Plaintiff is granted leave to amend his complaint to
25 properly assert such a direct liability claim against the County.  Furthermore, this claim shall
26 proceed against the County as pled to the extent it asserts a claim premised on a respondeat

superior theory of vicarious liability.

  f. Plaintiff's seventh claim for relief, alleging a violation of California Civil Code § 52.1, is again dismissed with prejudice as to the County.

  g. Plaintiff's claim or request for punitive damages is dismissed with prejudice as to the County.

 3. Plaintiff is granted thirty (30) days from the date of the issuance of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled, "Third Amended Complaint." Plaintiff must file an original and one copy of the first and second amended complaints. Failure to timely file a third amended complaint in accordance with this order may result in a recommendation by the magistrate judge that this action be dismissed. Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

 DATED: April 11, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT