1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER LINDSAY,

11          Plaintiff,                        No. 2:10-cv-02842 LKK KJN PS

12      v.

13   YOLANDA FRYSON, individually and
     in official capacity as Social Worker;
14   YUBA CITY CHILD PROTECTIVE
     SERVICES,[1]
15
            Defendants.                       ORDER and FINDINGS AND
16                                            RECOMMENDATIONS
                                     /
17

18          Presently before the court are defendant County of Yuba's ("County") motions to

19   dismiss plaintiff's Third Amended Complaint and for a more definite statement, filed pursuant to

20   Federal Rules of Civil Procedure 12(b)(6) and 12(e), respectively (Dkt. No. 41).[2]  Because oral

21

22          [1]  The caption of the Third Amended Complaint names "Yuba *City* Child Protective
     Services" as a defendant.  (Third Am. Compl. at 1 (emphasis added), Dkt. No. 40.)  However, as
23   with prior complaints, plaintiff's remaining allegations are against Yuba *County* Child Protective
     Services (see, e.g., id. ¶¶ 5, 7, 11-12), and the County of Yuba filed the pending motions.  The
24   County of Yuba has appeared in this action and asserted that it was erroneously sued as "Yuba
     County Child Protective Services."
25
            [2]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                 1

argument would not materially aid the resolution of the pending motions, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). The undersigned has considered the briefs and appropriate portions of the record in this case and, for the reasons stated below, recommends that the County's motion to dismiss be granted in part and denied in part.

The undersigned summarily denies the County's motion for a more definite statement because the County did not materially brief the merits of that motion.  This is the second time that the County filed a motion for a more definite statement and failed to brief the merits of that motion.  (See Order & Findings & Recommendations, Jan. 3, 2012, at 2, Dkt. No. 35.)  Contrary to the County's counsel's apparent understanding of Federal Rule of Civil Procedure 12, a motion for a more definite statement is not a "throw away" motion that can simply be tacked onto a motion to dismiss.  If the County's counsel again file a motion but materially fail to brief that motion, the court may impose monetary sanctions personally on counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Local Rule 110, or the inherent power of the court.

I.    BACKGROUND

Plaintiff's Third Amended Complaint alleges claims against: (1) Yolanda Fryson,[3] who is alleged to be have been a social worker employed by the County in the office of Yuba County Child Protective Services ("Yuba CPS") at all times material to plaintiff's claims; and (2) Yuba CPS, on whose behalf the County has appeared.  (See Third Am. Compl. ¶¶ 4-5, 10-13.)  Plaintiff's claims arise from an alleged failed blackmail scheme perpetrated by Fryson against plaintiff in September and October of 2008.  (See id. ¶¶ 16-20.)  In short, plaintiff alleges that Fryson used the color of her office and a badge in an attempt to extort $10,000 from plaintiff

---

[3]  Although Fryson filed an answer to plaintiff's original complaint (Fryson's Answer, Dkt. No. 5), she has not yet filed an answer to the Second Amended Complaint or the Third Amended Complaint.  The undersigned recommends below that Fryson be ordered to file an answer to the Third Amended Complaint.

1   on the basis of Fryson's fraudulent assertion that allegations of child molestation and domestic

2   violence had been filed against plaintiff.  (See id. ¶¶ 17-18.)  Because the allegations in the Third

3   Amended Complaint are consistent with, and expand on, the allegations in the Second Amended

4   Complaint, and because the parties and the court are familiar with the essential allegations at

5   issue, the undesigned does not provide an extensive review of the allegations in the Third

6   Amended Complaint here.  The allegations material to the pending motion to dismiss will be

7   discussed below as necessary.

8           However, at the outset, the undersigned recounts the most recent procedural

9   history of this case.  The court granted the County's motion to dismiss the Second Amended

10  Complaint in part.  (Order, Apr. 12, 2012, Dkt. No. 39.)  Relevant here, the court permitted

11  plaintiff's claim alleging violations of plaintiff's Fourteenth Amendment due process rights

12  pursuant to 42 U.S.C. § 1983 and Monell v. New York Department of Social Services, 436 U.S.

13  658 (1978), to proceed as pled, but permitted plaintiff leave to add factual allegations to support

14  that claim.  (Id. at 2-4 & n.1.)  Additionally, the court dismissed plaintiff's claim for negligent

15  supervision, hiring, and retention with leave to amend.  (Id. at 4.)  Furthermore, the court

16  dismissed plaintiff's claims of fraud and negligent infliction of emotional distress with leave to

17  amend to the extent that plaintiff alleged those claims directly against the County, but ordered

18  that those claims shall proceed as pled to the extent that those claims are premised on a

19  respondeat superior theory of vicarious liability.  (Id. at 4-5.)

20          On May 11, 2012, plaintiff filed a Third Amended Complaint, which alleges five

21  claims for relief,[4] four of which are alleged against Yuba CPS: (1) violation of plaintiff's due

22  process rights under the Fourteenth Amendment to the U.S. Constitution (Third Am. Compl.

23

24          [4] The numbered list of claims that appears in the caption of the Third Amended Complaint
    does not match the numbered claims pled in the body of the Third Amended Complaint.  The
25  undersigned refers to the numbering of claims presented in the body of the Third Amended
    Complaint.  Additionally, plaintiff mis-numbered his fifth claim for relief, mistakenly labeling it as
26  his sixth claim for relief.  The undersigned will refer to plaintiff's fifth claim for relief when
    discussing plaintiff's claim for negligent infliction of emotional distress.

1   ¶¶ 31-38); (2) negligent supervision, hiring, and retention (id. ¶¶ 39-51); (3) fraud (id. ¶¶ 52-57);

2   and (4) negligent infliction of emotional distress (id. ¶¶ 69-74).  On May 29, 2012, the County

3   filed the pending motions.[5]

4   II.    LEGAL STANDARDS

5            A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

6   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

7   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

8   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

9   plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see

10  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

11  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

12  is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

13  Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

14  factual content that allows the court to draw the reasonable inference that the defendant is liable

15  for the misconduct alleged." Id.

16           In considering a motion to dismiss for failure to state a claim, the court accepts all

17  of the facts alleged in the complaint as true and construes them in the light most favorable to the

18  plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however,

19  required to accept as true conclusory allegations that are contradicted by documents referred to in

20  the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely

21  because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and

22

23           [5] Upon initial review of the court's docket, it appears that the County failed to timely file its
24  motion to dismiss and motion for a more definite statement within 14 days of service of the Third
    Amended Complaint.  See Fed. R. Civ. P. 15(a)(3).  Plaintiff filed his Third Amended Complaint
    on May 11, 2012, and the County filed its motions on May 29, 2012.  However, upon further review
25  of the filing history it appears that although plaintiff filed his Third Amended Complaint on May 11,
    2012, it was entered on the docket—and therefore electronically served on the County—on May 14,
26  2012.  Accordingly, the County timely responded to the Third Amended Complaint.

quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

III.    DISCUSSION

    A.    Plaintiff's Municipal Section 1983 Claim

First, the County moves to dismiss plaintiff's first claim for relief, which alleges that the County violated plaintiff's due process rights provided by the Fourteenth Amendment. (County's Memo. of P. & A. In Supp. of Mot. to Dismiss ("County's Memo.") at 5-11, Dkt. No. 41, Doc. No. 41-1.)  The undersigned recommends that the County's motion be denied insofar as it challenges plaintiff's municipal Section 1983 claim.

In resolving the County's motion to dismiss plaintiff's Second Amended Complaint, the court ordered that plaintiff's due process claim "shall proceed" as pled, stating:

1 "Insofar as Plaintiff's first claim for relief alleges a violation of Plaintiff's Fourteenth

2 Amendment due process rights, Plaintiff's claim shall proceed.  Defendants' argument that

3 Plaintiff 'is unable to show that any action or inaction by the COUNTY resulted in a custom,

4 practice or policy,' fails."  (Order, Apr. 12, 2012, at 2.)  The court also suggested, but did not

5 require, that plaintiff add to his Third Amended Complaint certain allegations from his

6 opposition to the County's motion to dismiss the Second Amended Complaint (id. at 3 n.1), and

7 plaintiff added such allegations (see Third Am. Compl. ¶¶ 28-30, 33).  In short, the County has

8 no basis to move to dismiss plaintiff's due process claim because: (1) the court already ordered

9 that plaintiff's due process claim would proceed as previously pled; and (2) if anything,

10 plaintiff's Third Amended Complaint contains more detailed allegations supporting plaintiff's

11 due process claim than the Second Amended Complaint.  Accordingly, the County's motion to

12 dismiss should be denied to the extent it challenges plaintiff's municipal Section 1983 claim

13 premised on alleged violations of plaintiff's Fourteenth Amendment due process rights.

14        B.     <u>Plaintiff's Three "Direct" Liability Claims Under California Law</u>

15           The County moves to dismiss plaintiff's second, third, and fifth claims for relief,

16 which allege claims of negligent supervision, hiring and retention, fraud, and negligent infliction

17 of emotional distress ("NIED"), respectively.  (County's Memo. at 11-12.)  With the exception of

18 plaintiff's claim of negligent supervision, hiring and retention, the County moves to dismiss

19 these claims only to the extent that plaintiff alleged them directly against the County, as opposed

20 to claims premised on a respondeat superior theory of vicarious liability.  (See id. at 11:23-24;

21 see also Order, Apr. 12, 2012, at 4-5 (ordering that plaintiff's fraud and NIED claims shall

22 proceed to the extent that they are premised under a respondeat superior theory).)  The County

23 moves to dismiss plaintiff's direct claims on the grounds that such "common law claims are

24 prohibited against public entities" pursuant to California Government Code § 815.  (County's

25 Memo. at 11-12.)

26 ////

1    As the court has previously explained in this case, California's Government

2 Claims Act immunizes public entities from tort liability in all cases except those where liability

3 is explicitly created by a particular statute.[6]  See Cal. Gov't Code § 815(a)[7]; accord Hoff v.

4 Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932, 968 P.2d 522, 526 (1998) (stating that "in

5 California, all government tort liability must be based on statute," and citing Cal. Gov't Code

6 § 815(a)) (citation and quotation marks omitted).  The court provided plaintiff with two

7 opportunities to amend his complaints to assert a statutory basis for alleging direct claims of

8 fraud, NIED, and negligent supervision, hiring, and retention against the County.  However,

9 plaintiff still has not asserted any statutory basis for alleging such direct liability claims against

10 the County despite repeated opportunities to do so.

11    Rather than cite a statute that authorizes plaintiff's direct common law claims,

12 plaintiff makes two interrelated, but insufficient and unpersuasive, arguments aimed at saving his

13 direct claims.  Plaintiff argues that his claims can proceed because the County "knew or should

14 have known" about Fryson's prior misconduct and criminal behavior.  (Pl.'s Opp'n at 5.)

15 Plaintiff also relies on the California Supreme Court's recent decision in C.A. v. William S. Hart

16 Union High School District (hereinafter, "William S. Hart"), 53 Cal. 4th 861, 270 P.3d 699

17

18    [6]  The parties do not dispute that the County is a public entity.  See Cal. Gov't Code § 811.2
("'Public entity' includes the state . . . a county, city, district, public authority, public agency, and
19 any other political subdivision or public corporation in the State."); see also Third Am. Compl. ¶¶ 5,
12 (alleging that Yuba CPS is a public entity).
20
    [7]  The Senate Legislative Committee Comments to California Government Code § 815
21 provide, in pertinent part:

22        This section abolishes all common law or judicially declared forms of
          liability for public entities, except for such liability as may be required by the
23        state or federal constitution, e.g., inverse condemnation.  In the absence of a
          constitutional requirement, public entities may be held liable only if a statute
24        (not including a charter provision, ordinance or regulation) is found declaring
          them to be liable. . . . [T]he practical effect of this section is to eliminate any
25        common law governmental liability for damages arising out of torts.  The use
          of the word "tort" has been avoided, however, to prevent the imposition of
26        liability by the courts by reclassifying the act causing the injury.

1    (2012).  (Pl.'s Opp'n at 5; <u>see also</u> Third Am. Compl. ¶ 74.)

2                Plaintiff's arguments in favor of finding a basis for his direct liability claims fail.

3    At the risk of belaboring the point, plaintiff simply has not cited a statute authorizing his direct

4    liability claims against the County, whether based on a "knew or should have known" standard or

5    otherwise.  <u>See</u>, <u>e.g.</u>, <u>Eastburn v. Regional Fire Prot. Auth.</u>, 31 Cal. 4th 1175, 1183, 80 P.3d 656,

6    660 (2003) (holding that "direct tort liability of public entities must be based on a specific statute

7    declaring them to be liable, or at least creating some specific duty of care" other than the general

8    duty of ordinary care found in California Civil Code § 1714); <u>Zelig v. County of L.A.</u>, 27 Cal.

9    4th 1112, 1131, 45 P.3d 1171, 1184 (2002) (stating that "a public entity may be liable for an

10   injury directly as a result of its own conduct or omission, rather than through the doctrine of

11   respondeat superior, but only *as . . . provided by statute*.'" ) (emphasis in original) (citing Cal.

12   Gov't Code § 815).

13                Furthermore, to the extent that plaintiff interprets <u>William S. Hart</u> as supporting

14   his direct liability claims, plaintiff misreads that decision.  <u>William S. Hart</u> did not involve the

15   question of when a plaintiff may pursue a *direct* liability claim against a public entity.  Instead,

16   <u>William S. Hart</u> addressed the circumstances under which a plaintiff could pursue a *vicarious*

17   liability claim, otherwise authorized by California Government Code § 815.2, against a school

18   district where supervisory personnel knew or should have known about an employee's prior

19   conduct or propensities to molest children.  <u>See William S. Hart</u>, 53 Cal. 4th at 865, 270 P.3d at

20   701 (stating that the question presented on appeal was "whether the district may be found

21   vicariously liable for the acts of its employees (Gov.Code, § 815.2)—not for the acts of the

22   counselor, which were outside the scope of her employment, but for the negligence of

23   supervisory or administrative personnel who allegedly knew, or should have known, of the

24   counselor's propensities and nevertheless hired, retained and inadequately supervised her")

25   (citations and footnote omitted).  Plaintiff's reliance on <u>William S. Hart</u> is misplaced to the

26   extent that plaintiff's direct liability claims are concerned.

1    At bottom, plaintiff has not satisfied the requirement of the Government Claims

2 Act that a plaintiff provide a statutory basis for his or her direct claims against a public entity.

3 Plaintiff failed in this regard despite being given multiple chances to state such a basis.

4 Accordingly, plaintiff's direct liability claims for negligent supervision, hiring, and retention,

5 fraud, and NIED should be dismissed with prejudice.

6    C.    Plaintiff's Vicarious Liability Claim of Negligent Supervision, Hiring, and
           Retention

7

8    Finally, the County moves to dismiss plaintiff's claim for negligent supervision,

9 hiring, and retention to the extent that it is premised on vicarious liability and California

10 Government Code § 815.2, as opposed to direct liability.[8]  (County's Memo. at 12; see also Third

11 Am. Compl. 47.)  In essence, the County argues that a claim for negligent supervision, hiring, or

12 retention is necessarily a direct liability claim such that a plaintiff cannot pursue that claim under

13 a vicarious liability theory.  (County's Memo. at 12 ("Plaintiff's negligent supervision, hiring and

14 retention claim can only be made against the employer. . . .  As it can only be a direct claim, it

15 must be dismissed.").)  Plaintiff does not directly address the County's argument in his

16 opposition brief.  (See Pl.'s Opp'n at 5.)

17    The County is correct insofar as it argues that a claim for negligent supervision,

18 hiring, or retention by its nature typically concerns some direct, wrongful act by an employer.

19 See Delfino v. Agilent Tech., Inc., 145 Cal. App. 4th 790, 815, 52 Cal. Rptr. 3d 376, 397 (Ct.

20 App. 2006) ("Liability for negligent supervision and/or retention of an employee is one of direct

21

22    [8]  Pursuant to California Government Code § 815.2(a), a public entity may be sued in tort
based on a respondeat superior theory of vicarious liability.  See, e.g., Miklosky v. Regents of Univ.
23 of Cal., 44 Cal. 4th 876, 900, 188 P.3d 629, 644 (2008) (noting that "Section 815.2, subdivision (a),
codifies the doctrine of respondeat superior as it applies to public entities"); Hoff, 19 Cal. 4th at 932,
24 968 P.2d at 526 (stating that through Section 815.2(a), "the California Tort Claims Act expressly
makes the doctrine of respondeat superior applicable to public employers") (citing Mary M. v. City
25 of L.A., 54 Cal. 3d 202, 209, 814 P.2d 1341, 1344 (1991)).  Plaintiff alleges that the County is
vicariously liable for its employee's acts pursuant to California Government Code § 815.2.  (See
26 Third Am. Compl. ¶¶ 5-6, 47.)

1  liability for negligence, not vicarious liability."); <u>see also</u> <u>Munoz v. City of Union City</u>, 120 Cal.

2  App. 4th 1077, 1113, 16 Cal. Rptr. 3d 521, 549 (Ct. App. 2004) (noting that the fact that "state

3  public entities always act through individuals . . . does not convert a claim for direct negligence

4  into one based on vicarious liability").[9]  However, the County is not correct to the extent it argues

5  that a claim for negligent supervision, hiring, or retention necessarily or always raises a direct

6  liability claim, and the California Supreme Court has rejected that proposition.

7        In <u>C.A. v. William S. Hart Union High School District</u>, relied on by plaintiff here

8  and not addressed by the County, the California Supreme Court recently elaborated on the

9  circumstances under which a plaintiff may sue a public entity for negligent hiring, retention, and

10  supervision on the basis of vicarious liability.  <u>William S. Hart</u> involved a plaintiff's claim for

11  damages arising from a guidance counselor's sexual harassment and abuse of that minor plaintiff.

12  The court considered whether a public school district could be held vicariously liable, consistent

13  with California Government Code § 815.2, for the conduct of its supervisory and administrative

14  personnel who knew or should have known of the guidance counselor's harassing and abusive

15  propensities but nonetheless hired, retained, and inadequately supervised that counselor.  <u>See</u>

16  <u>William S. Hart</u>, 53 Cal. 4th at 865, 270 P.3d at 701.  The California Supreme Court held that the

17  plaintiff could legally pursue a vicarious liability claim against the district for negligent hiring,

18  retention, and supervision of the guidance counselor where the claim was premised on the

19  conduct of supervisory and administrative personnel who knew or should have known of the

20  counselor's propensities for misconduct.  The court distinguished claims like the one raised in

21

22       [9]  Several district courts have concluded that a claim of negligent hiring, training, or
supervision made against a public entity is properly treated as a direct claim, not a vicarious liability
23  claim. <u>See</u> <u>Estate of Bock v. County of Sutter</u>, No. 2:11-cv-00536-MEC-GGH, 2012 WL 423704,
at *12-13 (E.D. Cal. Feb. 8, 2012) (unpublished); <u>Justin v. City & County of San Francisco</u>, No.
24  C05-4812 MEJ, 2008 WL 1990819, at *11 (N.D. Cal. May 5, 2008) (unpublished); <u>Sanders v. City
of Fresno</u>, 551 F. Supp. 2d 1149, 1181 (E.D. Cal. 2008); <u>Reinhardt v. Santa Clara County</u>, No.
25  C05-05143 HRL, 2006 WL 662741, at *6 (N.D. Cal. Mar. 15, 2006) (unpublished); <u>Walker v.
County of Santa Clara</u>, No. C 04-02211 RMW, 2005 WL 2437037, at *9 (N.D. Cal. Sept. 30, 2005)
26  (unpublished).

1  William S. Hart, premised on the acts or omissions of supervisory or administrative personnel,

2  from those asserted in the typical case such as Delfino or Munoz, which either "blurred" the line

3  between direct and vicarious liability or alleged claims that were "inherently" vicarious in that

4  they were alleged against the employer but premised on the acts of the bad acting employee.  See

5  William S. Hart, 53 Cal. 4th at 874-75, 270 P.3d at 708.

6           Critically, however, the California Supreme Court limited the viability of the type

7  of vicarious liability claim at issue in William S. Hart to situations where the supervisory or

8  administrative personnel have a "special relationship" with the plaintiff or a class of plaintiffs.

9  The court reasoned that "a school district and its employees have a special relationship with the

10  district's pupils, a relationship arising from the mandatory character of school attendance and the

11  comprehensive control over students exercised by school personnel, analogous in many ways to

12  the relationship between parents and their children."  William S. Hart, 53 Cal. 4th at 869, 270

13  P.3d at 704 (citations and quotation marks omitted).  The court explained that this special

14  relationship imposes obligations beyond a general duty of ordinary care, such that "the duty of

15  care owed by school personnel includes the duty to use reasonable measures to protect students

16  from foreseeable injury at the hands of third parties acting negligently or intentionally."  Id. at

17  870, 270 P.3d at 704-05 (footnote omitted).  In discussing duty as a limitation on such claims, the

18  court reiterated the role of the special relationship:

19           Turning to the duty element, we have explained that the potential legal
            responsibility of District administrators and supervisors for negligently
20          hiring or retaining Hubbell arises from the special relationship they had
            with plaintiff, a student under their supervision, which relationship
21          entailed the duty to take reasonable measures to protect plaintiff from
            injuries at the hands of others in the school environment.  Absent such a
22          special relationship, there can be no individual liability to third parties for
            negligent hiring, retention or supervision of a fellow employee, and hence
23          no vicarious liability under section 815.2 . . . .

24  Id. at 877, 270 P.3d at 709.

25           Here, plaintiff's claim is roughly analogous to the claim in William S. Hart, but

26  does not implicate the type of special relationship described by the California Supreme Court.

11

1    Plaintiff alleges that Fryson's supervisors at Yuba CPS had knowledge of Fryson's proclivity to

2    act dishonestly and abuse her authority, citing Fryson's prior discipline for preparing false time

3    sheets and mileage reports, her prior arrest for check fraud, and her prior conviction for grand

4    theft.  (See Third Am. Compl. ¶ 27.)  Plaintiff further alleges that Fryson's long-time supervisor,

5    Eric Runge, found Fryson to be intimidating and "stated that he believed FRYSON to be

6    dishonest" prior to the events underlying plaintiff's claims.  (Id.)  Plaintiff contends that despite

7    knowledge of these facts and circumstances, Fryson's supervisors retained Fryson as a paid

8    employee during the pendency of an ongoing investigation into the writing of bad checks and

9    permitted Fryson to retain one of two badges issued to her, all of which facilitated Fryson's

10   attempted extortion of plaintiff.  (See id. ¶¶ 27-28, 30, 41.)

11          Even considering these and other allegations in the Third Amended Complaint

12   substantiating Fryson's supervisors' alleged knowledge of Fryson's propensity for dishonesty,

13   misconduct, and abuse of authority, plaintiff has not identified a special relationship between

14   Fryson's supervisors and plaintiff.  In fact, plaintiff has not alleged a duty running from Fryson's

15   supervisors to plaintiff at all.  In attempting to define Yuba CPS's duty to plaintiff, which would

16   only support a direct liability claim, plaintiff alleges that Yuba CPS breached its duty of care to

17   plaintiff by: "(a) Failing to require [Fryson] to undergo proper training and supervision as

18   concerns the due process and other civil and constitutional rights of parents and children whom

19   they are investigating and charged with monitoring[;] and (b) Failing to confirm that [Fryson]

20   was sufficiently trained to assure to [sic] conduct investigations without violating Plaintiff's

21   constitutional rights."  (Third Am. Compl. ¶ 43.)  This alleged duty does not resemble the

22   enhanced duty between a school district's supervisory and administrative personnel and its

23   students.  Accordingly, plaintiff cannot state a viable claim of negligent supervision, hiring, and

24   retention under the vicarious liability theory permitted by William S. Hart.

25          This case is more analogous to de Villers v. County of San Diego, 156 Cal. App.

26   4th 238, 67 Cal. Rptr. 3d 253 (Ct. App. 2007), which involved claims against a county following

12

1    a county toxicologist's murder of her husband using a lethal amount of drugs taken from the

2    county coroner's office where the toxicologist worked.  Among other claims, the plaintiffs in <u>de</u>

3    <u>Villers</u> alleged that several of the county's employees who acted within the course and scope of

4    their employment negligently hired and supervised the toxicologist, and that such negligence was

5    a substantial factor in the husband's murder.  The plaintiffs argued that such negligence by

6    mangers and co-workers supported a vicarious liability claim against the county.  <u>Id.</u> at 248-49,

7    67 Cal. Rptr. 3d at 260.  Although decided in 2007, the California Court of Appeal held,

8    consistent with <u>William S. Hart</u>, that in the absence of evidence that any of the county's

9    employees had undertaken a special relationship with the murder victim, those employees could

10   not be personally liable for the criminal acts of their co-worker, thereby defeating the plaintiffs'

11   vicarious liability claim.  <u>See de Villers</u>, 156 Cal. App. 4th at 249, 67 Cal. Rptr. 3d at 260.  In

12   <u>William S. Hart</u>, the California Supreme Court repeatedly distinguished <u>de Villers</u> as presenting a

13   case where liability was limited by the lack of a special relationship of the type present in a

14   school setting.  <u>See William S. Hart</u>, 53 Cal. 4th at 874, 877, 270 P.3d at 707-08, 709-10.

15            As in <u>de Villers</u>, there are no allegations suggesting that Fryson's supervisors

16   undertook or otherwise had a special relationship with plaintiff.  Accordingly, plaintiff's

17   vicarious liability claim of negligent supervision, hiring, and retention is subject to dismissal.

18   IV.    <u>SUMMARY OF POTENTIALLY SURVIVING CLAIMS</u>

19            For the sake of clarity going forward, the undersigned lists below plaintiff's

20   claims that shall proceed, as pled, assuming that the district judge adopts the undersigned's

21   recommendations in full.  To expedite this case, and given the County's inclination to challenge

22   claims that have already been ordered to proceed, the undersigned will not order the filing of a

23   fourth amended complaint as a "clean up" pleading.  Instead, assuming the district judge adopts

24   the recommendations made herein, the following claims shall proceed against the County:

25            •      Plaintiff's first claim for relief, alleging a violation of plaintiff's
                     Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983
26                   and <u>Monell</u>.

- • Plaintiff's third claim for relief, alleging fraud premised on a respondeat superior theory of vicarious liability.

- • Plaintiff's fifth claim for relief, alleging negligent infliction of emotional distress premised on a respondeat superior theory of vicarious liability.

V.      CONCLUSION

        As stated above, IT IS HEREBY ORDERED that:

        1.      The County's motion to dismiss plaintiff's Third Amended Complaint is submitted without a hearing, and the July 12, 2012 hearing on that motion is VACATED.

        2.      The County's motion for a more definite statement is summarily denied. Counsel for the County, attorneys Carl L. Fessenden and Clayton T. Cook, are cautioned that if they again file a motion but materially fail to brief that motion, the court may impose monetary sanctions personally on counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Local Rule 110, or the inherent power of the court.  Counsel shall have an opportunity to be heard prior to the imposition of such sanctions.

        It is FURTHER RECOMMENDED that:

        1.      The County's motion to dismiss (Dkt. No. 41) be granted in part and denied in part.

        2.      Plaintiff's claims of fraud and negligent infliction of emotional distress be dismissed with prejudice, but only to the extent that plaintiff alleged those claims "directly" against the County.  Plaintiff's claims of fraud and negligent infliction of emotional distress shall proceed as pled to the extent plaintiff alleged those claims under a respondeat superior theory of vicarious liability.

        3.      Plaintiff's claim for negligent supervision, hiring, and retention be dismissed with prejudice, in its entirety.

        4.      The County's motion to dismiss be denied in all other respects.

        5.      The County and Fryson be ordered to file answers to the Third Amended

1  Complaint, as narrowed, within 14 days of resolution of these findings and recommendations.

2          These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

6  Such a document should be captioned "Objections to Magistrate Judge's Findings and

7  Recommendations."  Any response to the objections shall be filed with the court and served on

8  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

9  Failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

11  1153, 1156-57 (9th Cir. 1991).

12          IT IS SO ORDERED and RECOMMENDED.

13  DATED:  July 5, 2012

14

15  _Kendall J. Newman_____

16  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26