1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER LINDSAY,

11          Plaintiff,                    No. 2:10-cv-2842 LKK KJN PS

12      v.

13   YOLANDA FRYSON et al.,

14          Defendants.                   ORDER TO SHOW CAUSE
                                    /

15

16          On October 25, 2012, this case was before the undersigned for a status (pretrial

17   scheduling) conference.[1]  Although plaintiff participated in the drafting and filing of a joint status

18   report for the status conference, plaintiff failed to appear at the status conference.

19          "Pro se litigants must follow the same rules of procedure that govern other

20   litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  A

21   district court may impose sanctions, including involuntary dismissal of a plaintiff's case with

22   prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to

23   prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO,

24   Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for

25

26          [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

1

1  failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689

2  (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

3  Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

4  procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)

5  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

6  failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782

7  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

8  control their dockets and may impose sanctions including dismissal); <u>see</u> <u>also</u> E.D. Cal. L.R. 110,

9  183(a).

10         Based on the foregoing, IT IS HEREBY ORDERED that:

11         1.  Within fourteen (14) days of the date of service of this order, plaintiff shall

12  show cause in writing why sanctions should not be imposed for his failure to appear at the

13  October 25, 2012 status (pre-trial scheduling) conference.

14         2. Plaintiff's failure to file the required response shall constitute an additional

15  ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a

16  potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant

17  to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

18         IT IS SO ORDERED.

19  DATED:  October 26, 2012

20

21  _____

    KENDALL J. NEWMAN

22  UNITED STATES MAGISTRATE JUDGE

23

24

25

26