IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LINDSAY,

    Plaintiff,                          No. 2:10-cv-2842 LKK KJN PS

    v.

YOLANDA FRYSON et al.,

    Defendants.                     <u>ORDER TO SHOW CAUSE</u>

_____/

        On October 25, 2012, this case was before the undersigned for a status (pretrial scheduling) conference.[1] Although plaintiff participated in the drafting and filing of a joint status report for the status conference, plaintiff failed to appear at the status conference.

        "Pro se litigants must follow the same rules of procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal); see also E.D. Cal. L.R. 110, 183(a).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, plaintiff shall show cause in writing why sanctions should not be imposed for his failure to appear at the October 25, 2012 status (pre-trial scheduling) conference.

2. Plaintiff's failure to file the required response shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: October 26, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE