UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LINDSAY, | No. 2:10-cv-2842-LKK-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| YOLANDA FRYSON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice and that this case be closed. Plaintiff twice failed to file an opposition to defendant County of Yuba's motion for summary judgment, despite plaintiff having been clearly warned of the consequences for failing to do so.

BACKGROUND

Plaintiff Christopher Lindsay, proceeding without counsel, commenced this action on October 21, 2010. (ECF No. 1.)[1] On July 10, 2013, defendant County of Yuba filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 60.) The motion was initially noticed for hearing on August 15, 2013. (Id.) Plaintiff failed to file an opposition or

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

statement of non-opposition to that motion in accordance with Local Rule 230(c).

In light of plaintiff's pro se status and the court's desire to resolve the action on the merits, the court issued an order on August 5, 2013, continuing the hearing on the motion for summary judgment and providing plaintiff with an additional opportunity to file an opposition or statement of non-opposition to the motion no later than September 12, 2013. (ECF No. 61.) The court also referred plaintiff to the requirements of Local Rule 260 that pertain to opposing a motion for summary judgment. (Id.) In that order, the court warned plaintiff that his "*failure to file a timely and compliant opposition or statement of non-opposition to the motion for summary judgment will be deemed a statement of non-opposition to the motion, and may result in a recommendation of dismissal of the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).* (Id.) (emphasis in original).[2]

Although the September 12, 2013 deadline has now passed, the court's docket reveals that plaintiff failed to file a written opposition or statement of non-opposition with respect to the motion for summary judgment in accordance with the court's order.[3]

DISCUSSION

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of

---

[2] On August 5, 2013, the same day that the court's order continuing the hearing issued, plaintiff filed what he himself acknowledged was an untimely request for extension of time to file an opposition to the motion for summary judgment. (ECF No. 62.) Plaintiff requested that he be granted until September 1, 2013 to file an opposition. (Id.) Because the court's previous order actually granted plaintiff an extension until September 12, 2013 to file an opposition, plaintiff's request for extension was denied as moot in an order issued August 7, 2013. (ECF No. 63.) In that order, the court again directed plaintiff to "carefully review the court's August 5, 2013 order continuing the hearing on the motion for summary judgment and abide by its requirements" and directed the Clerk of Court to serve another copy of the August 5, 2013 order on plaintiff. (Id.)

[3] The court's orders sent to plaintiff have not been returned to the court as undeliverable. Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

3

1  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
2  1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of
3  conditions precedent before the judge can do anything, but a way for a district judge to think
4  about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226
5  (9th Cir. 2006). Although involuntary dismissal can be a harsh remedy, on balance the five
6  relevant factors weigh in favor of dismissal of this action.

7  Here, the first two Ferdik factors strongly support dismissal. Plaintiff's repeated failure to
8  oppose County of Yuba's motion for summary judgment, despite clear warnings of the
9  consequences, strongly suggests that plaintiff is not interested in seriously prosecuting it, or at
10 least, does not take his obligations to the court and other parties seriously. See, e.g., Yourish v.
11 Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution
12 of litigation always favors dismissal"). Indeed, plaintiff again has not even timely moved for an
13 extension of time. Any further time spent by the court on this case, which plaintiff has
14 demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and
15 take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts
16 have inherent power to manage their dockets without being subject to noncompliant litigants).

17 In that regard, the court observes that this is not plaintiff's first incident of failure to
18 comply with court orders. Plaintiff previously failed to appear at the status conference in this
19 matter. The court eventually discharged the ensuing order to show cause based on plaintiff's
20 explanation that he had inadvertently overlooked the court date, but had since taken steps to better
21 organize his schedule and deadlines. However, at the time, the court also cautioned plaintiff that
22 future failure to comply with court orders would result in sanctions, including potential dismissal
23 of the action. (ECF No. 54.)

24 The third Ferdik factor, prejudice to a defendant, also favors dismissal. Plaintiff twice
25 failed to oppose defendant County of Yuba's motion for summary judgment, and at a minimum,
26 defendant County of Yuba has been prevented from attempting to resolve this case on the merits
27 by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to
28 be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

In particular, given the fast approaching pretrial conference and trial dates set for early 2014, defendant County of Yuba may be forced to expend significant resources on trial preparation prior to resolution of its motion for summary judgment, which may potentially narrow, or dispose of, the action.  A party who has diligently and timely filed a motion for summary judgment should not be punished by the opposing party's persistent failure to oppose the motion on the merits.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal").  Before recommending dismissal based on plaintiff's failure to oppose defendant County of Yuba's motion for summary judgment, the court granted plaintiff an additional opportunity to oppose the motion and advised plaintiff that he was required to actively prosecute his action and follow the court's orders.  It also warned plaintiff in clear terms that failure to oppose the motion for summary judgment, or file a statement of non-opposition to the motion, would result in a recommendation of dismissal of the action with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.  In light of plaintiff's repeated failure to appropriately respond to County of Yuba's motion, despite the court's explicit order, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the

reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders.

In sum, the court endeavors to give pro se litigants, unfamiliar with court procedures, a fair opportunity to present their case.  As such, the court granted plaintiff an extension, provided plaintiff with cautionary instructions, and afforded plaintiff some leniency with respect to the litigation.  However, at some point, leniency must give way to considerations of limited court resources and fairness to the other compliant litigants.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the October 10, 2013 hearing on defendant County of Yuba's motion for summary judgment is VACATED.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendant County of Yuba's motion for summary judgment (ECF No. 60) be DENIED AS MOOT.

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated: September 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE