UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LINDSAY, | No. 2:10-cv-2842-LKK-KJN |
| Plaintiff, | |
| v. | ORDER |
| YOLANDA FRYSON, et al., | |
| Defendants. | |

On September 17, 2013, the undersigned issued findings and recommendations recommending that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), because plaintiff twice failed to oppose defendant County of Yuba's motion for summary judgment. (ECF No. 64.) The findings and recommendations granted plaintiff a period of fourteen (14) days to file objections to the findings and recommendations, which were to be directed to the district judge. (Id.)

However, on September 19, 2013, attorney Stephanie Virrey Gutcher filed a motion to substitute in as attorney of record on plaintiff's behalf, along with a motion for relief under Federal Rule of Civil Procedure 60(b)(1), which were both noticed for hearing on October 10, 2013 before the undersigned. (ECF Nos. 65, 66.) Both motions were defectively noticed for a hearing less than 28 days after the filing of the motions. See E.D. Cal. L.R. 230. Nevertheless, in the interests of judicial economy and efficiency, the court has reviewed the motions and finds that

1

oral argument would not be of material assistance in deciding the motions. Therefore, the court finds the motions suitable for resolution on the papers pursuant to E.D. Cal. L.R. 230(g).

### Motion to Substitute In As Attorney Of Record

California-licensed attorney, Stephanie Virrey Gutcher, requests to substitute in as attorney of record for plaintiff Christopher Lindsay, who is presently proceeding without counsel. The documents in support of the motion indicate that both Ms. Virrey and plaintiff consent to Ms. Virrey's appearance as counsel for plaintiff, which would afford plaintiff legal representation with respect to any further proceedings in this action. Accordingly, the court grants the motion.

### Motion for Relief under Federal Rule of Civil Procedure 60(b)(1)

Plaintiff requests the court to set aside its dismissal of the action pursuant to Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…." However, the court notes that a Rule 60(b) motion is premature, because the findings and recommendations recommending dismissal of the action have not yet been resolved by the district judge and the case has not actually been dismissed. Therefore, the court instead construes plaintiff's motion as requesting reconsideration of the court's pending findings and recommendations.

According to plaintiff's counsel, she was asked in July 2013 to prepare an opposition to the motion for summary judgment, which was initially noticed for a August 15, 2013 hearing, on plaintiff's behalf, but was on maternity leave until August 1, 2013. After plaintiff failed to file an opposition to the motion by the required deadline of August 1, 2013, the court continued the hearing on the motion until October 10, 2013 and granted plaintiff an extension until September 12, 2013 to file an opposition. Plaintiff's counsel acknowledges that she received notice of the new hearing date, but apparently assumed that the deadline for the opposition brief would be fourteen (14) days prior to the hearing pursuant to Local Rule 230, without consulting the order's specific deadline of September 12, 2013. Plaintiff's counsel apologizes for her mistake and requests that her mistake not be held against plaintiff himself. (ECF No. 66.)

////

As plaintiff's counsel acknowledges, her excuse is a fairly thin one, given that the court's August 5, 2013 order clearly and specifically set forth the September 12, 2013 deadline, and parties or counsel are expected to review and abide by the court's orders. Indeed, in a subsequent August 7, 2013 order, the court cautioned plaintiff to "carefully review the court's August 5, 2013 order continuing the hearing on the motion for summary judgment and abide by its requirements" and directed the Clerk of Court to again serve a copy of the August 5, 2013 order on plaintiff along with that order. (ECF No. 63.)

Nevertheless, given that plaintiff's counsel has candidly acknowledged her mistake, and that at least the second failure to timely oppose the motion for summary judgment was not fairly attributable to plaintiff himself, the court finds that it would be in the interests of justice to vacate its prior findings and recommendations. However, plaintiff's counsel is cautioned that future failure to carefully review and comply with court orders may result in the imposition of any appropriate sanctions.

Future Proceedings

Local Rule 302(c)(21) provides that magistrate judges shall conduct all appropriate pre-trial proceedings in "actions in which all the plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive motions and matters. Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney in accordance with L.R. 180." E.D. Cal. L.R. 302(c)(21).

In light of the appearance of counsel on plaintiff's behalf, neither all the plaintiffs nor all the defendants in this action are proceeding in propria persona. Therefore, further proceedings in this action, other than discovery motions and other matters appropriately referred to the undersigned under the court's Local Rules, should now be noticed before the United States District Judge assigned to this action.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion to substitute in as attorney (ECF No. 65) is GRANTED.

////

2. Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b), construed as a request for reconsideration of the pending findings and recommendations (ECF No. 66) is GRANTED.

3. The findings and recommendations dated September 17, 2013 (ECF No. 64) are VACATED.

4. This matter, including the pending motion for summary judgment (ECF No. 60) is referred to the United States District Judge assigned to this action. See E.D. Cal. L.R. 302(c)(21).

5. All dates pending before the undersigned are VACATED. The moving defendant shall promptly re-notice the pending motion for summary judgment for hearing before the assigned district judge.

6. Henceforth, the caption on documents filed in this action shall be No. 2:10-cv-2842-LKK-KJN.

IT IS SO ORDERED.

Dated:  September 23, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE