UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LINDSAY,<br><br>Plaintiff,<br><br>v.<br><br>YOLANDA FRYSON,<br><br>Defendant. | No.  2:10-cv-2842-KJM-KJN PS<br><br><br><br>ORDER |

On April 2, 2015, the court conducted a final pretrial conference. Plaintiff Christopher Lindsay appeared *in propria persona*; Brian Wanerman appeared for defendant Yolanda Fryson, who also was present. After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1367(a). At the pretrial conference, defendant requested the court allow briefing on the question of jurisdiction. The court sets the following briefing schedule for a motion to dismiss the case on jurisdictional grounds: defendant's brief shall be filed within 14 days of this order; any opposition or statement of non-opposition shall be filed within 7 days of the filing of the motion; any reply shall be filed within 7

1

1 | days after the filing of the opposition.  The matter will thereafter be submitted unless the court
2 | sets a hearing on the motion.

3 | <u>NON-JURY TRIAL</u>

4 |     The parties have agreed on a bench trial.

5 | <u>UNDISPUTED FACTS</u>

6 |     1) Plaintiff is suing defendant for fraud, violation of due process, intentional infliction of
7 |        emotional distress and negligent infliction of emotional distress.

8 |     2) Plaintiff alleges these tortious actions resulted from an attempt by defendant to extort
9 |        money from plaintiff on or about October 2008.

10 |     3) Plaintiff alleges that this extortion attempt took place in exchange for destroying a file
11 |        which allegedly named plaintiff as a child-abuser.

12 |     4) No file naming plaintiff as a child abuser actually existed.

13 |     5) Defendant was convicted in California Superior Court of criminal offenses related to these
14 |        events.

15 |     6) Despite her criminal conviction, defendant maintains the events complained of by plaintiff
16 |        transpired substantially differently than plaintiff alleges, and that no extortion attempt was
17 |        made and no bribe was accepted.

18 | <u>DISPUTED FACTUAL ISSUES</u>

19 |     1) In his separate statement of undisputed facts filed on October 14, 2015, plaintiff indicated
20 |        the following as an undisputed fact: "Plaintiff Christopher Lindsay is suing Defendant
21 |        Yolanda Fryson for Fraud, Violation of Due Process, Intentional Infliction of Emotional
22 |        Distress and Negligent Infliction of Emotional Distress due to events taking place on or
23 |        about October 2008. Fryson was subsequently convicted for said events for allegedly
24 |        attempting to extort money from plaintiff in exchange for destroying a file which
25 |        Defendant contended named Plaintiff Lindsay as a child abuser– although such file never
26 |        existed."  Defendant disputes the implication that she was convicted of all the claims at
27 |        issue in this case.

28 | /////

    2) Defendant maintains that she was convicted in California Superior Court of attempted extortion, bribery, attempted grand theft, and receiving stolen property for actions connected with these events, as indicated in court records of her criminal case.

    3) Defendant maintains that all issues of liability, causation and damages are in dispute.

SPECIAL FACTUAL INFORMATION

This is a case in tort for personal injury for which special factual information is required as provided by Local Rule 281(b)(6)(iv).

1) The dates of the events at issue here were on or about October 21 and 22, 2008. The events took place during telephone conversations and at a subsequent meeting at a local Starbucks coffee shop. The acts, omissions or conditions constituting the basis for liability lie in plaintiff's allegations that defendant told him of the existence of a file within the Yuba County Office of Child Protective Services that named plaintiff as a child abuser; that this file never existed; and that defendant allegedly demanded a bribe to destroy such a file. The acts, omissions or conditions constituting the basis for a defense lie in statements plaintiff made during testimony at defendant's criminal trial and in a deposition he gave in the present case in which plaintiff denied that any extortion attempt was made. Defendant was convicted of attempted extortion, bribery, attempted grand theft, and receiving stolen property in violation of, respectively, California Penal Code sections 664/524, 68, 664/487(a), and 496(a).

2) Defendant is unaware of plaintiff's age, injuries sustained; any prior injury or condition worsened; periods of hospitalization; medical expenses and estimated future medical expenses; the period of total and/or partial disability; annual, monthly, or weekly earnings before the incident; earnings loss to date and estimated diminution of future earnings power; property damage; general damages; or punitive damages. Plaintiff has not provided defendant with this information.

DISPUTED EVIDENTIARY ISSUES

1) Defendant anticipates that plaintiff will seek to introduce defendant's criminal conviction as conclusive proof of plaintiff's claims. Defendant disputes that her criminal conviction can be

/////

3

  used as conclusive proof of said claims and notes that plaintiff bears the burden of proof by preponderance of the evidence of each and every claim made.

2) Defendant contends that only portions of the transcript from her criminal trial related to the events at issue in this civil case may be admitted except for rebuttal or impeachment purposes.

3) In the event that plaintiff seeks to introduce expert testimony, defendant will seek to ensure compliance with the *Daubert/Kumho* standard for such testimony. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Any *Daubert* challenges are governed by the provisions regarding expert testimony set forth below.

4) Defendant reserves the right to file motions in limine in advance of trial. Any such motions shall comply with the provisions set forth below.

STIPULATIONS/AGREED STATEMENTS

  There are no stipulations or agreed statements of the case. The parties are directed to meet and confer in an attempt to reach any stipulations possible in advance of the trial. Any stipulations should be filed with the court no later than 7 days before trial.

RELIEF SOUGHT

  Plaintiff is seeking unspecified general, special, exemplary, and punitive damages

POINTS OF LAW

  This is a case in tort for personal injury. Plaintiff claimed in his separate pretrial statement filed on October 16, 2014 (ECF No. 95) that the factual findings made by the court in defendant's state criminal case constructively constitute the joint stipulated facts of this case, and that these facts were found to be true beyond a reasonable doubt by the jury in defendant's criminal case. Defendant maintains that she was convicted of crimes whose elements are distinguishable from the elements of the causes of action alleged by the plaintiff in the instant case, and that plaintiff is not relieved by her convictions of his burden to prove each and every element of his alleged causes of action by a preponderance of the evidence.

ABANDONED ISSUES

  No issues have been abandoned in this case.

WITNESSES

Each party may call any witnesses designated by the other.

A. The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

Plaintiff anticipates calling the following witnesses:

    a. Detective Hudson of the Placer County Sheriff's office.

    b. Plaintiff Christopher Lindsay.

    c. Plaintiff anticipates admitting the transcript statements of witnesses who testified under oath at defendant's criminal trial and were cross-examined by defendant.

    d. Plaintiff reserves the right to call rebuttal witnesses as necessary.

Defendant anticipates calling the following witnesses:

    a. Plaintiff Christopher Lindsay.

    b. Christopher Lindsay's current wife, Wendy Leveron.

      c. In addition to the above, Defendant intends to call the custodian(s) of any business record(s) she intends to introduce to lay a proper evidentiary foundation.

      d. Defendant reserves the right to call any additional witnesses he may discover subsequent to the pretrial conference.

      e. Defendant reserves the right to call rebuttal witnesses as necessary.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff anticipates offering the following exhibits:

      a. Transcripts from the case of *People v. Fryson*, Placer County Super. Ct. No. 62082316.

Defendant anticipates offering the following exhibits:

      a. Portions of the transcript of defendant's criminal trial in October 2010 on charges related to the events at issue in this lawsuit.

      b. Defendant's mobile phone records demonstrating that plaintiff initiated contact with defendant.

      c. Defendant's mobile phone records memorializing the dates and times the phone conversations occurred.

      d. Placer County Sheriff reports related to defendant's state criminal trial.

      e. The deposition of Plaintiff taken on April 5, 2013.

      f. Defendant's administrative leave memorandum from Yuba County dated June 11, 2008.

      g. Defendant reserves the right to present additional evidence that she may discover subsequent to the pretrial conference as well as any unanticipated evidence that may become necessary to rebut evidence offered by plaintiff.

The court encourages the parties to generate a joint exhibit list to the extent possible.

Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

/////

/////

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

> 1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
>
> 2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

> 1. The exhibits could not reasonably have been discovered earlier;
>
> 2. The court and the opposing parties were promptly informed of their existence;
>
> 3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Defendant anticipates seeking to admit portions of plaintiff's deposition taken on April 5, 2013 in which plaintiff admitted that no extortion attempt was made by defendant.  Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

/////

/////

1 | FURTHER DISCOVERY OR MOTIONS

2 |     Defendant does not anticipate further discovery in this case. Defendant intends to file a

3 | motion to dismiss on jurisdictional grounds; the briefing schedule is on page one of this Order.

4 | AMENDMENTS/DISMISSALS

5 |     Defendant does not request any amendments to the pleadings, dismissals, additions, or

6 | substitutions of parties. Dispositions as to defaulting parties are not applicable.

7 | SETTLEMENT

8 |     The parties have agreed to a settlement conference before the assigned Magistrate Judge.

9 | Accordingly, the court refers the matter to Magistrate Judge Kendall J. Newman for a settlement

10 | conference on **May 15, 2015** at **9:00 a.m.** in Courtroom No. 25, 8th Floor. The parties are

11 | directed to exchange non-confidential settlement conference statements seven (7) days prior to

12 | this settlement conference. These statements shall simultaneously be delivered to the court using

13 | the following email address: kjnorders@caed.uscourts.gov or delivered to the Clerk's Office,

14 | located on the 4th floor. If a party desires to share additional confidential information with the

15 | Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Waivers will be

16 | required if not previously filed.

17 | MOTIONS IN LIMINE

18 |     Parties are directed to file their motions in limine no later than 14 days before trial, and

19 | any opposition to the motions shall be filed no later than 7 days before trial.

20 |     Each ruling on a motion in limine will be made without prejudice and is subject to proper

21 | renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do

22 | so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* FED. R.

23 | EVID. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where

24 | a district court makes a tentative in limine ruling excluding evidence, the exclusion of that

25 | evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence

26 | at trial.") (alteration, citation and quotation omitted). In addition, challenges to expert testimony

27 | under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), are denied without

28 | /////

prejudice. Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire before such expert may be called to testify.

JOINT STATEMENT OF THE CASE

Defendant does not believe that presentation of any part of the action in this case on the basis of agreed statements is either feasible or advisable. The parties are directed to meet and confer regarding any potential joint statement of the case and may file a joint statement no later than 7 days before trial.

SEPARATE TRIAL OF ISSUES

Defendant does not believe a separate trial of issues is either feasible or desirable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Defendant does not request court appointment of an impartial expert. Defendant does not believe that any limitation on the number of experts will be necessary.

ATTORNEYS' FEES

Plaintiff's attorney's fees to date total approximately $10,000. Defendant's attorney was appointed by the court to represent defendant on a pro bono basis. Therefore, defendant has incurred no attorney's fees to recover.

ESTIMATED TIME OF TRIAL/TRIAL DATE

The bench trial is set for **July 20, 2015** at **9:00 a.m**. in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last 2 to 3 days. The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

MISCELLANEOUS

Trial briefs are due 7 days before trial.

/////
/////
/////
/////
/////

OBJECTIONS TO PRETRIAL ORDER

    Each party is granted fourteen days from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: April 6, 2015.

_____
UNITED STATES DISTRICT JUDGE