UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LINDSAY, | No. 2:10-cv-02842-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| YOLANDA FRYSON, | |
| Defendant. | |

Defendant moves to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Def.'s Mot., ECF No. 109. Plaintiff opposes the motion, ECF No. 110, and defendant has replied, ECF No. 111. The court decides the matter without a hearing. For the following reasons, defendant's motion is denied.

I. BACKGROUND

At the pretrial conference, defendant took the position that the court may not have subject-matter jurisdiction over this action. The court set a briefing schedule on the issue in its pretrial order, ECF No. 108, and defendant filed the instant motion on April 20, 2015.

The court briefly reviews the relevant facts as alleged in plaintiff's third amended complaint, ECF No. 40 (TAC). Defendant was, during the relevant time period, a social worker with Yuba County Child Protective Services on paid administrative leave. TAC ¶ 27. While on

paid leave, defendant allegedly called plaintiff and told him that she had a report on her desk accusing him of molesting a 17-year-old girl, though no such report existed. *Id*. ¶ 17. Defendant told plaintiff she could make the report "go away" if plaintiff paid her $10,000. *Id*. ¶ 18. Plaintiff met with defendant to discuss the matter, and defendant showed her Yuba County Child Protective Services badge to plaintiff. *Id*. ¶ 18. Plaintiff filed the complaint in this action against defendant and Yuba County Child Protective Services[1] for deprivation of constitutional due process under 42 U.S.C. § 1983, negligent supervision and hiring, intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud. TAC at 1.

II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside their jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377-78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte*. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583–84, 119 S. Ct. 1563 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack such as this one, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

III.    DISCUSSION

Defendant argues the court may not exercise federal question jurisdiction over plaintiff's federal claims because defendant was on administrative leave at the time of her alleged unlawful actions and therefore did not act under color of law as required by section 1983. Def.'s Mot. at 2.

"It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee

---

[1] Defendant Yuba County was dismissed from all claims on November 26, 2013. ECF No. 76. Plaintiff appealed this decision in an interlocutory appeal, ECF No. 78, and the Ninth Circuit dismissed the appeal for lack of jurisdiction because the district court's dismissal of one defendant was not an appealable final judgment, ECF No. 85.

acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *W. v. Atkins*, 487 U.S. 42, 50 (1988) (citations omitted). The acts must be performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *see also Monroe v. Pape*, 365 U.S. 167, 171 (1961), *overruled on other grounds by Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 658 (1978) ("There can be no doubt . . . that Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."). The inquiry turns on whether the actor committed actions under the pretense of law, not whether the actions were authorized by the state or within the scope of her duties. *Screws v. United States,* 325 U.S. 91 (1945); *see also Jahed v. I.N.S.*, 356 F.3d 991, 1000 (9th Cir. 2004) (citing with approval *Screws'* holding that state officers may act under color of law even if acting in violation of law they were sworn to enforce).

Even if plaintiff abused her authority or acted outside the scope of her paid leave, she still may have been acting under color of law. The case of *McDade v. W.*, 223 F.3d 1135, 1140–41 (9th Cir. 2000), is instructive. There, defendant was employed by the Ventura County District Attorney Child Support Division, and as part of her job, had access to a statewide database containing names and addresses of all persons eligible to receive certain public benefits. Unbeknownst to her employer and in violation of policy, defendant used her password to find plaintiff's confidential location. Even though defendant took action "in the ambit of her personal pursuits," she was held to have acted under color of law. *Id*. She "acted under color of state law [because] there [was] undisputed evidence that [defendant] abused her responsibilities and purported or pretended to be a state officer during" the alleged unlawful act. *Id*. Defendant need not be "on duty" to act under color of state law. *Traver v. Meshriy*, 627 F.2d 934, 940 (9th Cir. 1980) (off-duty police officer working in bank as security teller was acting under color of state law when he detained bank customer).

Here, defendant's actions were made under the guise of her authority as a Child Protective Services officer. She was a paid employee of the County and was purporting to

exercise her authority as a CPS officer when she allegedly extorted the plaintiff.  She allegedly showed plaintiff her state-issued badge, and told plaintiff she discovered the allegedly false allegations against him while performing her duties as a public employee.  Therefore, defendant acted under color of law for the purposes of a section 1983 claim.  The court maintains federal question jurisdiction over this claim and the supplemental state law claims.

IV.     CONCLUSION

The motion to dismiss is denied.  This order resolves ECF No. 109.

IT IS SO ORDERED.

DATED: May 20, 2015.

_____
UNITED STATES DISTRICT JUDGE

4